ALD-117                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-1365
_____

IN RE: CHRYSSOULA ARSENIS,
                                        Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to 3:23-cv-02601)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
April 3, 2025
Before:  BIBAS, PORTER, and MONTGOMERY-REEVES, <u>Circuit Judges</u>

(Opinion filed April 22, 2025)
_____

OPINION*
_____

PER CURIAM

    In May 2023, Petitioner Chryssoula Arsenis, proceeding pro se, filed a complaint

in the District Court against M&T Bank s/b/m Hudson Savings Bank ("M&T") relating

to a mortgage loan and asserting violations of the Coronavirus Aid, Relief, and Economic

Security Act ("CARES Act"), the Real Estate Settlement Procedures Act ("RESPA"),

and the Fair Debt Collection Practices Act ("FDCPA").  At the time the complaint was

_____
* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

filed, the property securing the mortgage at issue was the subject of foreclosure proceedings in the state court. The District Court, determining that the case was parallel to the state foreclosure action, dismissed the complaint without prejudice pursuant to the Colorado River abstention doctrine. See Colo. River Water Conservation Dist. v. United States, 424 U.S. 800, 817-18 (1976).

Arsenis appealed. While the appeal was pending, the state court entered an order granting summary judgment in favor of M&T, and this Court ordered supplemental briefing from the parties on the issue of claim preclusion. This Court ultimately concluded that abstention was not warranted, vacated the District Court's order of dismissal, and remanded for further proceedings. See Arsenis v. M&T Bank, No. 24-1151, 2025 WL 88838 (3d Cir. Jan. 14, 2025) (mandate issued Feb. 5, 2025). In remanding the matter, we specifically declined to address in the first instance any preclusive effects from the state court grant of summary judgment. Instead, we left the issue "to the District Court to address on remand." Id. at *3. Upon the reopening of proceedings after remand, the District Court granted a motion by the Defendant to submit supplemental briefing on the issue of res judicata. See D.Ct. ECF No. 33.

Arsenis has now filed a petition for a writ of mandamus. See 3d Cir. ECF No. 3 (operative amended petition). She asserts that the District Court's order granting supplemental briefing on the issue of res judicata "exceeds the scope of the mandate issued by this Court," and requests that we order the District Court to vacate its order. 3d Cir. ECF No. 3 at 1-2. In addition, she has filed a motion requesting that this Court issue an emergency stay of any further proceedings in the District Court pending resolution of

2

her mandamus petition. For the reasons that follow, we will deny the petition for a writ of mandamus and the motion for an emergency stay.

A writ of mandamus will issue only in extraordinary circumstances. See Sporck v. Peil, 759 F.2d 312, 314 (3d Cir. 1985). Arsenis must show that she has a clear and indisputable right to the relief sought, and that a writ of mandamus from this Court is the only available remedy. See Kerr v. U.S. Dist. Court, 426 U.S. 394, 403 (1976). Arsenis has not made such a showing.

Arsenis asserts that she is entitled to relief because the District Court's order authorizing supplemental briefing on the issue of res judicata is "in direct contravention" of this Court's February 5, 2025 mandate ordering remand by "improperly reopen[ing] an issue that was already addressed and determined by this Court." 3d Cir. ECF No. 3 at 2. Inexplicably, Arsenis cited "the Third Circuit's explicit holding that res judicata was not warranted." Id. at 3. This Court made no such holding. Rather, as explicitly noted in this Court's order, "we decline[d] to address" the issue of claim preclusion, leaving it instead "to the District Court to address on remand" in the first instance. Arsenis, 2025 WL 88838 at *3. As such, the order of remand specifically contemplated the District Court's consideration of issues relating to claim preclusion.

Because the District Court's order does not violate this Court's February 5, 2025 mandate, we will deny the petition for a writ of mandamus. The motion for an emergency stay is also denied.

3